# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) ELIE GHAZAL,**  Plaintiff,  vs.  **(1) FIRST CREDIT SERVICES, INC.,**  Defendant. | 14-CV-349-TKC-PJC  **VERIFIED COMPLAINT**  (Unlawful Debt Collection Practices)  **JURY TRIAL DEMANDED** |

## PLAINTIFF'S VERIFIED COMPLAINT

NOW COMES Plaintiff, Elie Ghazal, and for the Verified Complaint against Defendant, First Credit Services, Inc., alleges as follows:

## INTRODUCTION

1. Plaintiff states a claim against First Credit Services, Inc. for violation of the Fair Debt Collection Practices Act, codified 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which was enacted in 1978. First Credit Services, Inc. repeatedly contacted Plaintiff, even *after* being told to by Plaintiff to cease contact, about a gym membership that was cancelled nearly 6 years ago when Plaintiff lived in Massachusetts.

2. Congress stated its findings and purpose of the FDCPA:

(a) **Abusive practices**

> There is *abundant evidence* of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) **Inadequacy of laws**

VERIFIED COMPLAINT                                                                                                                    1

> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) **Available non-abusive collection methods**

> Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) **Interstate commerce**

> Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) **Purposes**

> It is the purpose of this title to *eliminate* abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy.

4. Defendant conducts business in the state of Oklahoma; therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person who resides in Tulsa, County of Tulsa, Oklahoma.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections business with an office in Piscataway, NJ.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. In August, 2008, Plaintiff was living in Fall River, Massachusetts, and signed up for a gym membership at Work Out World. As part of the membership, Plaintiff was given the first month free, and provided his credit card and agreed to pay $29.99 per month to be automatically billed on the first of each month.

12. The membership agreement signed by the Plaintiff contained the following right to cancellation, pursuant to Massachusetts law:

### ADDITIONAL RIGHTS TO CANCELLATION

You or your estate may also cancel this contract for any of the following reasons:
… If you move either your residence or your place of employment more than twenty-five miles from any health club operated by the seller or a substantially similar health club which will accept the seller's obligation under the contract.

13. Plaintiff's credit card was billed $29.99 on September 1, 2008, then again on October 1, 2008.

14. On or about October 1, 2008, Plaintiff called Work Out World and advised that he was moving to Oklahoma and requested what he needed to do in order to wrap up his membership.

Plaintiff was told by Work Out World that she would terminate his membership, he did not need to sign anything, and assured him that his pre-authorized monthly payments would stop being charged to his credit card.

15. Fast forward 6 years. On or about January 21, 2014, Defendant began placing collections calls to Plaintiff seeking and demanding payment for an alleged debt. Defendant left voicemail messages for Plaintiff stating the name of Defendant.

16. On or about March 19, 2014, knowing that Plaintiff was current on all of his obligations, Plaintiff sent a letter to Defendant stating that he refused to pay the alleged debt pursuant to 15 USC 1692c(c). Defendant received Plaintiff's notice of refusal on March 24, 2014.

17. Despite receiving written notification that Plaintiff refused to pay the alleged debt assigned to or purchased by Defendant, Defendant contacted plaintiff by letter dated April 29, 2014, again attempting to collect the alleged debt and specifically requesting that Plaintiff "Please contact us upon receipt of this documentation to expedite this matter.

18. As a result of Defendant's continued collection efforts after receipt of notice of refusal, Plaintiff experienced fear, frustration, humiliation, and emotional distress.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

19. Defendant violated the FDCPA. Defendant's violations include, but are not limited to:

   a. Violating Section 1692c(c) of the FDCPA by seeking to collect a debt after receiving written communication from the consumer that he refused to pay the debt;

   b. Violating Section 1692e(2) of the FDCPA by falsely representing that amount of the debt.

    c.   Violating Section 1692f of the FDCPA by attempting to collect a debt that was not expressly authorized by the agreement creating the debt.

    d.   Violating Section 1692g of the FDCPA by failing to send Plaintiff a written notice within 5 days of its initial contact of Plaintiff that included the items stated in Section 1692g(a).

**WHEREFORE**, Plaintiff, Elie Ghazal, respectfully prays that judgment be entered against Defendant, First Credit Services, Inc., for the following:

    a)   Statutory damages of $1,000.00, pursuant to the FDCPA, 15 U.S.C. 1692k;

    b)   Actual damages pursuant to the FDCPA, 15 U.S.C. 1692k;

    c)   Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k;

and

    d)   Any other relief that this court deems to be just and proper.

Respectfully submitted,

/s/ Victor R. Wandres
Victor R. Wandres, OBA #19591
PARAMOUNT LAW
CONSUMER PROTECTION FIRM
4835 S. Peoria Ave., Suite 1
Tulsa, OK 74105
(918) 200-9272 voice
(918) 895-9774 fax
victor@paramount-law.net

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF OKLAHOMA    )
                     )  ss.
COUNTY OF TULSA      )

Plaintiff, Elie Ghazal, states as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendants, cause unnecessary delay to any Defendants, or create a needless increase in the cost of litigation to any Defendant named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, Elie Ghazal, hereby declare, certify, verify and state under penalty of perjury that the foregoing is true and correct.

5/15/2014
Date

_____
Elie Ghazal
Plaintiff